UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDGAR DELCID-PEREZ,

          Petitioner,

          v.

ROBERT BEUCHELE, et al.,

          Respondents.

Civil Action No. 14-2557 (MAS)

**MEMORANDUM AND ORDER**

This matter having come before the Court on the Petition for Writ of Habeas Corpus ("Petition") of Petitioner Edgar Delcid-Perez ("Petitioner"), for relief under 28 U.S.C. § 2254; the Court having considered the Petition, the records of proceedings in this matter, and the Answer of Respondents (Nicole McGrath, Assistant Prosecutor, Somerset County Prosecutor's Office, appearing); it appearing that:

1. Petitioner admits in the Petition that the Petition is statutorily time-barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). However, Petitioner asserts that he should be entitled to equitable tolling.

2. Respondents, in their Answer, did not address this timeliness issue.

3. Nevertheless, "a federal [] judge may . . . raise sua sponte the AEDPA statute of limitations defense even after an answer has been filed." *Long v. Wilson*, 393 F.3d 390, 404 (3d Cir. 2004). "[A]fter the Rule 4 period has ended, courts may continue to raise the AEDPA statute of limitations issue *sua sponte*, but only after providing . . . notice, an opportunity to respond, and an analysis of prejudice." *U.S. v. Bendolph*, 409 F.3d 155, 158 (3d Cir. 2005). "[T]he AEDPA statute of limitations is an important issue, the raising of which may not necessarily be left completely to the

state." *Long*, 393 F.3d at 402. "[T]he statute of limitation implicates the interests of both the federal and state courts, as well as the interests of society, and therefore it is not inappropriate for the court, on its own motion, to invoke the doctrine." *Id.* (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000)).

4.  Based on the Court's review of the Petition, Amended Petition, and Answer, the Court finds that the Petition is statutorily time-barred. During Petitioner's state court proceedings for post-conviction relief ("PCR"), after his PCR application was denied by the Law Division on June 18, 2009, (ECF No. 4 at 3), Respondents assert that Petitioner filed an out-of-time appeal on December 2, 2009. (ECF No. 14 at 12.) Furthermore, after the Appellate Division affirmed his PCR denial on April 10, 2012, (ECF No. 4 at 15), Petitioner again filed an out-of-time petition for certification with the New Jersey Supreme Court on July 29, 2013. (ECF No. 4-1 at 34.) If an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of timely appeal and when the appeal was actually filed. *See Swartz v. Meyers*, 204 F.3d 417, 423 n.6 (3d Cir. 2000) ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation").

5.  Therefore, the fifteen-month delay in Petitioner's filing of his petition for certification with the New Jersey Supreme Court, in addition to the five-month delay in filing his PCR appeal, have caused the one-year statute of limitations to run long before the filing of the instant Petition.

6.  Nonetheless, Petitioner argues that he is entitled to equitable tolling because (1) Petitioner asserts that he did not receive notice of the Appellate Division's decision until February 25, 2013, (ECF No. 4 at 23); and (2) further delays were caused by a pending transfer request Petitioner filed with the Department of Corrections, which "pursuant to eligibility criteria, he could not have any

pending litigation concerning his criminal case." *Id.* As such, Petitioner claims that he could not have filed his petition for certification with the New Jersey Supreme Court until April 12, 2013, when the transfer request was denied. *Id.* However, Petitioner submitted no documentation supporting his assertions.

7. Because the Court is raising *sua sponte* the issue of timeliness, the Court will give Petitioner a chance to supplement his equitable tolling argument. Particularly, Petitioner may submit to this Court: (1) with respect to his appeal of the Law Division's PCR ruling, documented evidence of his Notice of Appeal to the Appellate Division, and any justification, supported with evidence, for the delay, if any, in filing that Notice of Appeal; (2) a copy of his transfer application filed with the Department of Corrections, that shows the date of his filing; (3) any statutory or regulatory authority evincing Petitioner's claim that the transfer application's eligibility criteria prohibited him from "hav[ing] any pending litigations concerning his criminal case"; and (4) any correspondence from April 10, 2012, to February 25, 2013, showing that Petitioner exercised due diligence to monitor the status of his case.

IT IS therefore on this ___4th___ day of __May_____, 2015,

ORDERED that Petitioner shall, within 30 days of the date of entry of this Order, show cause in writing, in the manner as directed above, as to why the Petition should not be denied as time-barred; it is further

ORDERED that Respondents shall have 14 days, after receipt of Petitioner's submission above, to respond; Respondents' submission shall include all of the record that was referenced in Respondents' Answer but not actually included as part of the Answer; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

_____
Michael A. Shipp
United States District Judge