**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDGAR DELCID-PEREZ, | : | |
| Petitioner, | : | Civil Action No. 14-2557 (MAS) |
| v. | : | **OPINION** |
| ROBERT BEUCHELE, et al., | : | |
| Respondents. | : | |

**SHIPP, District Judge:**

Petitioner Edgar Delcid-Perez ("Petitioner"), confined at South Woods State Prison in Bridgeton, New Jersey, files the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging a sentence imposed by the State of New Jersey for kidnapping and burglary on March 30, 2007. For the reasons stated below, the Court dismisses the Petition as time-barred.

### I. FACTUAL BACKGROUND

The Court recites only those facts relevant to this Opinion. Petitioner pled guilty and was sentenced by the State of New Jersey for kidnapping, possession of a firearm for unlawful purposes, unlawful possession of a handgun, and burglary on March 30, 2007. Am. Pet. 1-2, ECF No. 4. An appeal was filed challenging the sentence, and the case was remanded on May 30, 2008 for the limited purpose of re-sentencing. *Id.* at 2. No petition for certification with the New Jersey Supreme Court or the United States Supreme Court was filed. *Id.* at 2-3.

On June 16, 2008, Petitioner sought post-conviction relief ("PCR") in state court, and the application for PCR was denied on June 18, 2009. *Id.* at 3. On December 2, 2009, Petitioner

appealed the denial of PCR, *id.* at 23, and the denial was affirmed on April 10, 2012. *Id.* at 15. Although the record shows that Petitioner's PCR counsel sent Petitioner a letter informing him of the affirmance on the same day the decision was issued, Petitioner alleges that he did not receive the letter. *Id.* at 23. Instead, Petitioner asserts that he did not learn of the affirmance until February 25, 2013, when counsel sent him another letter. *Id.* Petitioner further asserts that on March 11, 2013, he informed counsel that, on June 20, 2012, he had filed an international transfer application with the Department of Corrections, which prohibited him from having any pending litigation concerning his criminal case. Letter from Pet. 1, June 1, 2015, ECF No. 16. On April 12, 2013, Petitioner's transfer request was denied, and on May 20, 2013, Petitioner informed his counsel of his desire to file a petition for certification with the New Jersey Supreme Court. Am. Pet. 23. That petition was filed on July 29, 2013. Certification of Abby P. Schwartz, Designated Counsel, Am. Pet., Ex. A at 34, ECF No. 4-1. It was denied on January 30, 2014. Order of N.J. Sup. Ct., Am. Pet., Ex. A at 39, ECF No. 4-1.

On April 11, 2014, Petitioner filed the instant Petition, which was dated March 21, 2014. On May 4, 2015, the Court issued a show-cause order directing Petitioner to explain why the Petition should not be dismissed as time-barred. Memorandum and Order, May 4, 2015, ECF No. 15. On June 1, 2015, Petitioner filed a letter responding to the Court's order. Letter from Pet., Jun. 1, 2015 ("Show Cause Letter"), ECF No. 16.

## II. DISCUSSION

### A. Statute of Limitations

The Court finds that the Petition is time-barred. Although Respondents do not raise this defense in their Answer, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Federal courts may raise *sua sponte* the AEDPA statute of limitations defense even after an answer has been filed. *Id.*; *Long v. Wilson*, 393 F.3d 390, 404 (3d Cir. 2004). "[T]he AEDPA statute of limitations is an important issue, the raising of which may not necessarily be left completely to the state." *Long*, 393 F.3d at 402. "[T]he statute of limitation implicates the interests of both the federal and state courts, as well as the interests of society, and therefore it is not inappropriate for the court, on its own motion, to invoke the doctrine." *Id.* (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000)). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. "[A]fter the Rule 4 period has ended, courts may continue to raise the AEDPA statute of limitations issue *sua sponte*, but only after providing . . . notice, an opportunity to respond, and an analysis of prejudice." *United States v. Bendolph*, 409 F.3d 155, 158 (3d Cir. 2005). As stated above, the Court gave Petitioner notice of the statute of limitations issue via a show-cause order. *See Day*, 547 U.S. at 209 (holding that a show-cause order is an appropriate method for the court to give notice to a petitioner for the *sua sponte* raising of a statute of limitations defense).

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court has held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Swartz v. Meyers*, 204

3

F.3d 417, 419 (3d Cir. 2000); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitations period is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). If a denial of post-conviction relief is appealable in state court but an appeal was not filed, statutory tolling includes "the time during which an appeal could be filed even if the appeal is not eventually filed." *Swartz*, 204 F.3d at 424. However, if an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of time to appeal and when the appeal was actually filed. *Id.* at 423 n.6 ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation"). Overall, however, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Jenkins*, 705 F.3d at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

So, even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Gibbs*, 2009 WL 1307449 at *3. "Generally, a litigant seeking equitable tolling bears the burden of

4

establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). More specifically, "[e]xtraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

"The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding *pro se* does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

Here, Petitioner's conviction and sentence were imposed on March 30, 2007. His direct appeal was decided on May 30, 2008. No petition for certification was filed with the New Jersey Supreme Court, and none was filed with the United States Supreme Court. Giving Petitioner the benefit of the 90-day period for a petition for writ of certiorari in the United States Supreme Court, despite Petitioner's failure to petition to the New Jersey Supreme Court in the first instance, Petitioner's conviction and sentence became final for the purposes of AEDPA on August 28, 2008. Petitioner filed an application for PCR on June 16, 2008, before the AEDPA statute of limitations period began, so his entire one-year period was tolled during the pendency of that review. The Law Division denied PCR on June 18, 2009, and Petitioner filed an untimely appeal on December 2, 2009. As the period to file a timely appeal expired 45 days after the initial denial, *i.e.*, on August

5

2, 2009, Petitioner's delay in filing the appeal caused his one-year limitations period to run for 122 days. *See* N.J. Court Rules, R. 2:4-4(a); *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011). The Appellate Division affirmed on April 10, 2012.

However, Petitioner did not file a petition for certification with the New Jersey Supreme Court until July 29, 2013. Ordinarily, because more than one year had passed between the affirmance of PCR denial and the petition for certification, the AEDPA statute of limitations would have expired. *See Evans v. Chavis*, 546 U.S. 189, 191 (2006) (AEDPA statutory period is tolled during the pendency of an appeal "***provided that*** the filing of the notice of appeal is timely under state law") (emphasis in the original). Nevertheless, Petitioner alleges that he did not learn of the affirmance of PCR denial until February 25, 2013, and due to an international jail transfer request, "he could not have any pending litigation concerning his criminal case." As such, Petitioner asserts that he was not able to file a petition until April 12, 2013, when his transfer request was denied. A petition for certification with the New Jersey Supreme Court was finally filed on July 29, 2013, and it was denied on January 30, 2014.

It is clear from the Petition that Petitioner acknowledges his Petition is statutorily time-barred under AEDPA, but he argues that his statute of limitations period should be equitably tolled. First, Petitioner claims that he had directed his counsel to file an appeal after the Law Division denied the PCR application, but "for unknown reasons, the notice of appeal was not filed until December 2, 2009." Am. Pet. 23. Second, Petitioner asserts that equitable tolling is warranted between April 10, 2012, the date the Appellate Division affirmed his PCR denial, and February 25, 2013, because Petitioner did not find out about the affirmance until that day. Finally, Petitioner contends that, because he had filed an international transfer application with the Department of Corrections, which prohibited pending litigation on his criminal matter, equitable tolling should

apply between June 20, 2012 and April 12, 2013, while his transfer application was pending. For the following reasons, the Court finds that Petitioner is not entitled to equitable tolling.

With regard to Petitioner's delay in filing the appeal of his PCR denial, Petitioner blames the delay on his counsel, stating that "I requested that counsel file an appeal; however, the Office of the Public Defender did not file a notice of appeal for unknown reasons." Show Cause Letter 1. When a petitioner is represented by counsel, factors to consider in the diligence inquiry for equitable tolling purposes include: "(1) whether the petitioner hired an attorney to file the petition; (2) whether the petitioner contacted the attorney prior to the filing deadline; and (3) whether the petitioner consistently called the attorney to monitor the status of his case." *Fogg v. Carroll*, 465 F. Supp. 2d 336, 345 (D. Del. 2006) (citing *Schlueter v. Varner*, 384 F.3d 69, 83 (3d Cir. 2004)).

The Court finds Petitioner fails to satisfy the third prong of the aforementioned test, that he consistently monitored the status of his case. In the Court's show-cause order, the Court specifically directed Petitioner to provide "any justification, supported by evidence, for the delay ... in filing that Notice of Appeal." Memorandum and Order 3, May 4, 2015. However, beyond stating that he directed his counsel to file an appeal, there is no evidence that, between June 18, 2009, the date of his PCR denial, and December 2, 2009, the date of his Notice of Appeal, that he had *any* contact with his counsel regarding the status of his appeal, other than his initial request for counsel to file an appeal.[1] As such, Petitioner is not entitled to equitable tolling for the period between August 2, 2009 and December 2, 2009, the 122-day delay in filing his PCR appeal.

With regard to Petitioner's assertion that he was not notified of the decision affirming his PCR denial, the record submitted by Petitioner himself shows that Petitioner's PCR counsel sent

---

[1] There was also no evidence that Petitioner made this request prior to the deadline to file an appeal; Petitioner simply asserts that he requested counsel to file said appeal. Consequently, Petitioner also fails to establish the second prong of the three-factor test.

7

Petitioner a letter dated April 10, 2012, informing Petitioner of the affirmance of PCR denial. Letter from Jodi Ferguson to Pet. dated Feb. 25, 2013, Am. Pet., Ex. A at 32, ECF No. 4-1. As stated above, Petitioner alleges that he never received that letter, and it was not until February 25, 2013, when his counsel again sent him a follow-up letter, that Petitioner claims he learned of the Appellate Division's decision. However, Petitioner provides no justification why he could not have learned of the affirmance of PCR denial by the exercise of due diligence.

In the Court's show-cause order, the Court directed Petitioner to submit "any correspondence from April 10, 2012, to February 25, 2013, showing that Petitioner exercised due diligence to monitor the status of his case." Memorandum and Order 3, May 4, 2015. Petitioner submitted no such correspondence. In fact, Petitioner asserts that it was not until March 11, 2013, after that time period had passed, that he "advised the Public Defender's Office that [he] may request that a petition for certification be filed once a decision has been made regarding [his] international prison transfer." Show Cause Letter 1. "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Gibbs*, 2009 WL 1307449, at *3 (quoting *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003)). "[T]o be entitled to equitable tolling, the petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." *Brown*, 322 F.3d at 773 (internal quotation and citation omitted). Accordingly, the Court finds that Petitioner was not reasonably diligent in pursuing his claims, thus he is not entitled to equitable tolling for the period between April 10, 2012 and February 25, 2013.

Finally, the Court rejects Petitioner's contention that he is entitled to equitable tolling during the pendency of his transfer application from June 20, 2012 to April 12, 2013. In support of his claim, Petitioner cites to N.J. Admin. Code § 10A:10-6.3(a)(5), which states that an offender may be considered for an international transfer only if, among other eligibility criteria, "[t]he offender [does] not have collateral attacks or appeals on the sentence and/or conviction pending." Petitioner's argument appears to be that since his transfer application prohibited collateral attacks on his sentence and conviction, the Court should grant equitable tolling for the time period during which the transfer application was pending, on the account that Petitioner could not have filed his petition for certification with the New Jersey Supreme Court during that time.

However, by pursuing a transfer application that expressly prohibited any collateral attacks or appeals while the transfer application was pending, Petitioner made a deliberate choice to forego any opportunity he may have had to file a petition for certification with the New Jersey Supreme Court during the pendency of that transfer application.[2] Equitable tolling is not warranted when the delay was caused by Petitioner's own deliberate decision to delay his collateral relief proceedings. *See Valverde v. Stinson*, 224 F.3d 129, 133 n.3 (2d Cir. 2000) ("A petitioner's own behavior[,] in addition to his failure to exercise reasonable diligence[,] may of course fatally undermine his claim that 'rare and extraordinary' or 'exceptional' circumstances warrant equitable tolling"); *Rouse v. Lee*, 339 F.3d 238, 264 (4th Cir. 2003) ("A deliberate decision to file late - to gamble any chance of federal review of a [] petitioner's habeas claims in hopes that equity would slightly extend the deadline - would constitute recklessness of a nature and a magnitude that an

---

[2] Construing all of Petitioner's allegations as true, it is not clear to the Court why Petitioner filed a transfer application while he believed that his PCR appeal was still pending. Petitioner filed his international transfer application on June 20, 2012, but he claims he did not find out about the outcome of his appeal until February 25, 2013. Under the transfer application's bar against pending litigation, he would have been ineligible at the time he filed the transfer application.

appellate court cannot consciously impute to its Bar"). Therefore, the Court finds that Petitioner is not entitled to equitable tolling during the pendency of his transfer application.

In sum, having already given Petitioner notice and opportunity to respond to the timeliness issue, and having found that Petitioner has not established any valid reason why equitable tolling is warranted, the Court finds that the Petition is time-barred by AEDPA.

### B. Prejudice

The Court must now analyze whether its *sua sponte* dismissal of the Petition on statute of limitations grounds would unduly prejudice Petitioner. "[T]he court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U.S. at 210 (citation and quotation omitted). In determining what constitutes prejudice, courts should consider whether the defense would "(i) require the [aggrieved party] to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the [aggrieved party] from bringing a timely action in another jurisdiction." *Long*, 393 F.3d at 400.

There is no prejudice to Petitioner in dismissing his Petition after an answer has been filed. No discovery has occurred in this case, and no discovery request has been filed with the Court. Indeed, ordinarily, discovery is not allowed in § 2254 cases unless the Court finds good cause to authorize it. *See* Rule 6, Rules Governing Section 2254 Cases; *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398-99 (2011). The delay in raising the statute of limitations issue also does not affect Petitioner's rights in any other case; this Court is the only court with jurisdiction to adjudicate Petitioner's habeas claims. There is also no showing that Petitioner's ability to defend his case was impaired; Petitioner himself was well aware that his statutory time limit had expired, and

10

expressly asked this Court to grant equitable tolling in the Petition. Furthermore, no court proceedings or action occurred between the Answer and the Court's show-cause order, and nothing in the record suggests that Respondents "strategically withheld the defense or chose to relinquish it." *Day*, 547 U.S. at 211. Accordingly, the Court finds no prejudice to Petitioner in dismissing the Petition as time-barred at this juncture.

### C. Certificate of Appealability

Lastly, the Court denies a certificate of appealability ("COA"). AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

### III.   CONCLUSION

For the reasons set forth above, the Petition is DISMISSED as time-barred.

_____
Michael A. Shipp, U.S.D.J.

Dated: 10/6/15